**Evelyn S. SLOWICK, Appellant,**

v.

**Robert E. HAMPTON, Chairman, United States Civil Service Commission, et al., Appellees.**

**No. 71–1195.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 20, 1972.

Decided Oct. 31, 1972.

As Amended Oct. 31, 1972.

Mr. William B. Peer, Washington, D. C., for appellant.

Mr. Robert S. Tignor, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Robert S. Rankin, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., U. S. Atty., also entered an appearance for appellee.

Before LEVENTHAL, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

Appellant, a Public Health Nurse formerly employed by the Canal Zone Government, brought an action for a declaration that she had been wrongfully discharged from her position and for money

damages.[1] She appeals from an order granting summary judgment dismissing the complaint. We remand to permit further consideration.

The original discharge proceeding was based on twelve specifications charging the appellant with disrespectful conduct toward her superiors. After an evidentiary hearing at which appellant was represented by counsel, the hearing examiner held that all charges were "fully supported by the evidence" and were sufficient to warrant appellant's removal "to promote the efficiency of the service." This recommendation was adopted, and she was discharged by the personnel director of the Canal Zone's Health Bureau. That action was sustained by the Governor of the Canal Zone.

Appeal was taken to the United States Civil Service Commission. The Commission's Appeals Examining Office dismissed nine of the specifications on the ground that the alleged acts of disrespect were "defensive material," within the range permitted an employee in responding to a superior's adverse comments. The three remaining specifications were held to cite conduct supporting the allegation of disrespectful conduct, and appellant's removal from Federal service. This decision was affirmed by the Commission's Board of Appeals and Review.[2]

At the time of appellant's discharge, Canal Zone regulations contained a "Schedule of Disciplinary Offenses and Penalties" setting forth some 26 acts of misconduct as warranting disciplinary proceedings and a system of graded penalties applicable to them. The Schedule also prescribed a "reckoning period," which shaped the penalty according to frequency of infractions within the reckoning period. This obviously served to prevent the joinder of stale offenses to elevate the level of penalties. These regulations provided that, in general, removal proceedings might be instituted only after four offenses had been committed within a 24-month period, and that "reckoning periods are not cumulative."[3] As to the specific charge of "disrespectful conduct," the Schedule set forth the availability of removal as a maximum sanction, even on the first offense. Minimum sanctions were set forth as: reprimand for the first offense; 15 days' suspension for the second offense; and removal in the event of three occurrences within a 2-year reckoning period.[4]

1. While the claim was pending before the Civil Service Commission, appellant, who had obtained employment as a Public Health Nurse with the District of Columbia Government, abandoned her claim for physical reinstatement, and limited her claim so as to seek record restoration for the four months she was off the rolls and compensation for that period.

2. On the appeal, taken by Mrs. Slowick, a comment was filed in response by the Panama Canal Company, as an agency performing under contract all functions of personnel administration for the Canal Zone Government, Mrs. Slowick's former employer.

3. The general provision states:
Depending upon the severity of the offenses involved, removal proceedings may be instituted against an employee for any four offenses committed within a 24-months' period which include two or more offenses in this schedule, or for the fourth occurrence of any one offense within the applicable reckoning period.
Reckoning periods are not cumulative.
Canal Zone Government, Executive Regulation No. 5, Enclosure 1, at 1.

4. The "Schedule" provides in pertinent part (id. at 5):

| | Number of Occurrences in Reckoning Period | | | |
|---|---|---|---|---|
| Nature of Offense | 1st | 2nd | 3rd | Reckoning Period |
| 14. Disrespectful conduct; use of insulting, abusive, profane or obscene language to, or about, other personnel on the job. | Min. written reprimand. Max. Removal. | Min. 15 days suspension. Max. Removal. | Min. Removal. Max. Removal. | Two Years |

As we have noted, only three specifications survived the Commission's scrutiny. These specifications were based on acts that took place December 15, 1966 (#1), on September 7, 1965 (#9), and on August 18, 1964 (#10). These three allegations span a period of 27 months, and hence could not properly, under the "reckoning period" provision, be linked in a single disciplinary proceeding as a composite basis for removal.

While the Schedule does contain language, relied on by appellees, that its use is not obligatory, succeeding paragraphs clarify that departure from the Schedule was contemplated only in case of "unusual circumstances" making the prescribed sanction inappropriate.[5] But appellant had never previously been the subject of disciplinary proceedings, and her job performance ratings were "Satisfactory."

The "reckoning period" provision was obviously intended to protect employees involved in a disciplinary action against need to ventilate remote events. Such a procedural safeguard may not be abrogated on a mere presumption of regularity or latitude of administrative action, without at least a reasoned determination explaining the basis and need for invocation of the "special circumstances" exception. There is no such determination in the record before us.

The Regulation provides (note 4) that the sanction of removal must be imposed following three instances of disrespect within the reckoning period. As to two offenses, removal is permitted, but so also is a sanction as modest as a 15-day suspension without pay. There is need for assurance that the administrative process has decided upon an appropriate sanction on the basis of only those offenses within the 2-year reckoning period prescribed by regulation. In case of doubt the court will remand for an administrative redetermination of the proper sanction. Meehan v. Macy, 129 U.S.App.D.C. 217, 234, 392 F.2d 822, 839 (1968) The *Meehan* doctrine calls for a remand in this case; limited to a consideration of but two acts of misconduct within the 2-year reckoning period. The other assignments of error urged upon us by the appellant, we find to be without merit.

Remanded to the District Court to frame an order for further consideration by appellees.

So ordered.

---

5. The regulation reads in pertinent part (*id*: at 1):

   SCHEDULE OF DISCIPLINARY
   OFFENSES AND PENALTIES

   1. This schedule is intended as a guide for supervisory personnel in order that, to the extent practicable, there may be general uniformity in penalties for like cases in the agency. Its use is not mandatory and departure from it may be appropriate depending upon the individual circumstances. The list does not cover every possible type of offenses. Penalties for offenses not listed will be prescribed by the Personnel Director consistent with penalties for offenses of comparable gravity.

   \* \* \* \* \*

   3. Penalties for disciplinary offenses will, in general, fall within the ranges indicated. In unusual circumstances, depending upon the gravity of the offense, the past record, and the position of the employee, a penalty either more or less severe than those provided for herein may be imposed.